IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BENNETT ENTERPRISES, INC. d/b/a RALPHIE'S SPORTS EATERY,<br><br>Defendant. | CIVIL ACTION NO. 1:23-cv-01758<br><br>JUDGE CHARLES E. FLEMING |

## CONSENT DECREE

1. This action was instituted by the United States Equal Employment Opportunity Commission, a federal agency, against Defendant Bennett Enterprises, Inc. d/b/a Ralphie's Sports Eatery. In this action, EEOC alleges that Defendant violated the Americans with Disabilities Act (ADA), as amended, when it discriminated against Charging Party Olivia Thompson because of disability and in retaliation for protected activity. EEOC further alleges that Defendant violated Title VII of the Civil Rights Act (Title VII), as amended, when it subjected Ms. Thompson to a hostile work environment and discriminated against her because of race and in retaliation for protected activity.

2. The parties to this Consent Decree (Decree) are the Plaintiff, the United States Equal Employment Opportunity Commission (EEOC or Commission), and the Defendant, Bennett Enterprises, Inc. d/b/a Ralphie's Sports Eatery (Defendant or Bennett Enterprises) also known as Bennett Enterprises LLC.

3. The parties agree to resolve this action by entry of this Decree, and in doing so they agree to the jurisdiction of this Court over the parties and the subject matter of this action and to the power of the Court to enter this Decree.

1

4. This Decree does not constitute an adjudication on the merits and Bennett Enterprises asserts that by entering into this Decree it is not admitting to liability.

5. Defendant and its officers, agents, employees, successors, and all other persons who act in concert or participation with it will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

6. All terms agreed to as a condition of resolving the above-captioned action and the claims that EEOC filed against Defendant in this action are set forth in this Decree, and there shall be no other instrument or agreement setting forth any terms that must be satisfied as a condition of resolving such claims.

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

7. The parties stipulate to the jurisdiction of this Court over the parties and subject matter of this action.

8. The duration of this Decree shall be two (2) years from the date the Court signs the Decree.

9. The terms of this Decree shall apply to all of Defendant's locations, offices, and other places where Defendant maintains business operations and all such places where any persons perform work for Defendant.

10. This Decree resolves all claims that were filed by the EEOC in the above-captioned action, as set forth in the Complaint filed by the EEOC in this action.

11. Nothing in this Decree shall be construed to waive or release any rights or claims that any individual may have arising under any law, ordinance, regulation, or other provision that grants any individual access to administrative process, or rights or remedies of any kind, including such individual rights or claims of Olivia Thompson.

12. The Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## MONETARY RELIEF

13. In accordance with this Decree, and in full settlement of all monetary claims asserted by the EEOC in this action, Defendant agrees to pay the total settlement amount of $125,000.00 (one hundred twenty-five thousand dollars) to resolve this matter with respect to the EEOC's claims asserted on behalf of Olivia Thompson.

14. Within ninety (90) days of the court signing this Decree, Defendant shall pay Olivia Thompson $125,000.00 as referenced above, by mailing payment to her using an address and method of delivery provided by EEOC. From that amount, $20,000.00 shall constitute backpay and $105,000.00 shall constitute compensatory and other damages, as provided by the Civil Rights Act of 1991.

15. Defendant shall issue the appropriate IRS Forms and make necessary withholdings from the payments made pursuant to this Decree, except that payment designated as compensatory damages and other damages shall be reported on IRS Form 1099 and Defendant shall make no withholdings from such payment. Defendant shall be responsible for all applicable withholding and payroll taxes, consistent with this Decree and applicable regulation and law. Defendant shall issue all IRS Forms and shall send them directly to Olivia Thompson no later than February 15, 2026, using an address for Ms. Thompson provided by EEOC and in a method and manner identified by the Commission.

16. Within ten (10) business days after payments are sent to Olivia Thompson, Defendant shall submit to EEOC a copy of the checks issued to Ms. Thompson. Within ten (10)

business days of issuing the IRS Forms referenced above. Defendant shall also submit copies of the Forms to EEOC.

17. Defendant shall also provide the following information for the purpose of compliance with Section 162(f) of the Internal Revenue Code (26 U.S.C. § 162(f)), if applicable, to EEOC within ten (10) days of issuing payment to Olivia Thompson:

   a. The name of the individual who should receive the copy of IRS Form 1098-F if the EEOC is required to issue one;

   b. The physical address of the individual who should receive the copy of IRS Form 1098-F if the EEOC is required to issue one.

18. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code, nor does this Decree address such qualification.

19. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

20. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

21. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

22. Defendant shall not condition, and Defendant confirms that it has not conditioned, the resolution of this matter on any agreement to keep confidential the terms of this Decree, including monetary relief paid to Charging Party Olivia Thompson; the facts of this case; or any other fact or issue related to this matter.

## INJUNCTIVE RELIEF

23. Defendant, its officers, directors, agents, employees, successors in interest, assigns, and all persons in active concert or participation with Defendant or on its behalf, are enjoined and restrained from engaging in any employment practice that discriminates against employees on the basis of race, color, or national origin in violation of Title VII and they are enjoined and restrained from engaging in any employment practice that discriminates against employees on the basis of disability in violation of the ADA.

24. Defendant, its officers, directors, agents, successors in interest, assigns, and all persons in active concert or participation with Defendant or on its behalf, are enjoined and restrained from engaging in retaliation in violation of Title VII or the ADA.

25. Defendant, its officers, directors, agents, successors in interest, assigns, and all persons in active concert or participation with Defendant or on its behalf, are permanently enjoined from limiting any statute of limitations for claims or lawsuits arising out of an individual's employment or application for employment with Defendant, including but not limited to claims under Title VII and the ADA.

## POLICIES AND PROCEDURES

26. Defendant shall maintain policies that explain, define, and prohibit discrimination and retaliation, including but not limited to hiring, firing, promotion, and maintaining a lawful workplace environment, and which contain related complaint procedures. Such policies shall be drafted in plain and simple language. Defendant shall ensure that the policies against discrimination and retaliation meet the following minimum criteria: (a) explain federal prohibitions on retaliation under Title VII and the ADA, including prohibiting retaliation against workers who report discrimination or otherwise participate in an investigation into reports of discrimination, including on the bases of race, color, national origin, or disability; (b) explain federal prohibitions of

5

race, color, and national origin discrimination under Title VII, including prohibitions against disparate treatment, harassment, and discrimination; (c) explain federal prohibitions on disability discrimination under the ADA, including (1) prohibitions on failing to provide reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless Defendant can satisfy the burden to show that the accommodation would impose an undue hardship on Defendant's operation; (2) prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability based on the needs of Defendant to make reasonable accommodations to the physical or mental impairments of the employee or applicant, unless Defendant can satisfy the burden to show that the accommodation would impose an undue hardship on Defendant's operation; and (3) prohibitions on denying employment opportunities to a job applicant or employee because they are regarded as disabled as described by the ADA; (d) state that Defendant: (1) prohibits discrimination against employees on the basis of race, color, and national origin; (2) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination under Title VII; (3) prohibits any act, policy, or practice that has the effect of harassing or intimidating any employee on the basis of race, color, or national origin, in violation of Title VII; and (4) prohibits any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile to employees through acts such as, but not limited to, physical or verbal abuse or derogatory comments based on race, color, or national origin in violation of Title VII; (e) state that Defendant: (1) prohibits discrimination against employees on the basis of disability in violation of the ADA, including by failing to provide reasonable accommodations and by denying employment opportunities based on the need to make reasonable accommodations, unless Defendant can satisfy the burden to show that the accommodation would

6

impose an undue hardship on Defendant's operation; and (2) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination under the ADA; (f) confirm that Defendant does not and shall not disadvantage persons in violation of the Act who are covered by the ADA and who request or take leave of any duration, including maintaining or carrying out any policy or practice that limits the number of days or hours persons may take such leave or threatens to impose or does impose any disadvantageous personnel action against them (including but not limited to suspending an employee for absences in violation of the Act); (g) include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of the policy against discrimination or retaliation, which shall meet the following minimum criteria: (1) provides effective mechanism(s) for reporting incidents of discrimination or retaliation; (2) provides that complaints of discrimination or retaliation can be made either in writing or orally; (3) provides a definition of harassment that clearly prohibits harassment because of race, color, and national origin; (4) identifies employees to whom an employee can make a complaint, including permitting employees to make a claim of discrimination or retaliation to the employee's supervisor or manager; (5) provides that making complaints to the person who is allegedly perpetrating the harassment, discrimination, or retaliation is not required under any circumstances; (6) encourages prompt reporting by employees; (7) provides assurances that the complaining party shall not be subjected to retaliation; and (8) provides that complaints will be kept confidential to the extent practicable under the circumstances; (h) provide for prompt investigation of complaints of discrimination or retaliation; (i) provide for prompt communication to the complaining party about the results of the investigation and any remedial actions taken or proposed; and (j) provide for discipline up to and including discharge of an employee, supervisor, or manager who violates any of the Defendant's policies against discrimination and retaliation.

7

27. Defendant shall distribute copies of its policies against retaliation and discrimination to all employees within thirty (30) days after entry of this Decree, including those described above. Defendant shall also distribute such copies of its policies against retaliation and discrimination to each subsequently hired employee on the employee's first day of work.

## EEO TRAINING FOR MANAGEMENT AND HUMAN RESOURCES

28. Defendant shall provide to all supervisors, managers, including corporate level managers, and persons with any responsibility for providing human resources services to, for, or on behalf of Defendant, not less than two (2) hours of mandatory training regarding harassment, discrimination, and retaliation made unlawful by Title VII and the ADA. This training shall place a particular emphasis on: (a) defining harassment, discrimination, and retaliation under Title VII and the ADA; legal and company prohibitions on such conduct, including prohibitions against harassment because of race, color, and national origin; the penalties for engaging in such conduct; the duty to monitor the work environment to ensure such conduct is not occurring; the duty to report complaints or observations of such conduct to designated human resources personnel; and the penalties for not reporting such conduct; and (b) reasonable accommodations and the interactive process to identify reasonable accommodations under the ADA; federal prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with disability based on the need of Defendant to make reasonable accommodations to the physical or mental impairments of the employee or applicant; defining disability discrimination, including stigmatizing conduct and behavior that subjects employees with physical or mental impairments to harassment, degrading conduct, and discrimination; legal and company prohibitions on such conduct, including prohibitions against harassment because of disability or because an employee is regarded as disabled; the penalties for engaging in such prohibited conduct; the duty to monitor the work environment to ensure such conduct is not occurring; the duty to report complaints or

8

observations of such conduct to designated human resources personnel; and the penalties for not reporting such conduct.

29. Defendant shall also provide to all supervisors, managers, including corporate level managers, and persons with any responsibility for providing human resources services to, for, or on behalf of Defendant, not less than two (2) hours of training regarding exercising reasonable care when (1) receiving complaints of harassment, discrimination, or retaliation made unlawful by Title VII and the ADA, (2) conducting investigations of harassment, discrimination, and retaliation, and (3) formulating prompt and effective preventive and corrective action in response to harassment, discrimination, and retaliation.

30. The training conducted pursuant to paragraph 29 shall accurately convey Title VII and ADA requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of harassment, discrimination, and retaliation. At a minimum, the training shall include a discussion of the following matters: (a) legal obligations concerning harassment, discrimination, and retaliation investigations; (b) investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques, and other sources of evidence in harassment, discrimination, and retaliation investigations; (c) types of preventive and corrective actions and applicable legal obligations; (d) that former employees may be sources of highly relevant evidence and should be contacted when appropriate; (e) the significance of corroborative testimonial or documentary evidence in investigations, the need to investigate whether such evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment, discrimination, or retaliation are substantiated or well-founded; (f) techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and an absence of corroboration; (g) the need to ensure that, in response to employee

9

complaints of harassment, discrimination, or retaliation. Defendants undertake corrective action reasonably calculated to end any harassing, discriminatory, or retaliatory conduct and to prevent its reoccurrence; (h) investigative confidentiality; (i) post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees and explicitly asking such persons whether any harassment, discrimination, or retaliation of a similar type to that investigated is ongoing or has taken place since the original complaint; (j) procedures for monitoring and auditing any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation; (k) the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers; and (l) Defendant's record retention obligations under this Decree relating to any harassment, discrimination, or retaliation complaints or investigations.

31. The training required by Paragraphs 28–30 shall be conducted live and shall include an interactive component and opportunities for questions and answers. This training shall be provided within sixty (60) days of entry of this Decree, annually thereafter for the duration of the Decree, and a recorded version of the training shall be provided within seven (7) days of the start of employment or retention in any position or function which training is required under Paragraphs 28–30.

32. The training required by Paragraphs 28–30 shall be provided by a third-party trainer who is approved in advance by EEOC and whom Defendant shall retain at Defendant's own expense, except that litigation counsel cannot provide the training called for in this Decree.

33. Within thirty (30) days of the training required by Paragraphs 28–30, Defendant shall submit to EEOC counsel of record a notification of the date(s) and length of each training session; a written list of the full names, job titles, and work locations of each attendee of each training session; and copies of any and all written materials shown or provided to attendees.

## EEO TRAINING FOR NON-SUPERVISORY EMPLOYEES

34. Defendant shall provide all non-supervisory employees at all Ralphie's Sports Eatery locations not less than one (1) hour of mandatory training regarding harassment, discrimination, and retaliation made unlawful by Title VII and the ADA. This training shall place a particular emphasis on: (a) defining harassment, discrimination, and retaliation under Title VII; legal and company prohibitions on such conduct, including prohibitions against harassment because of race, color, and national origin; the penalties for engaging in such conduct; maintaining a harassment-free workplace; and related reporting or complaint procedures; and (b) reasonable accommodations and the interactive process to identify reasonable accommodations under the ADA; defining disability discrimination, including stigmatizing conduct and behavior that subjects employees with physical or mental impairments to harassment, degrading conduct, and discrimination; the penalties for engaging in such conduct; maintaining a harassment-free workplace; and related reporting or complaint procedures.

35. The training described in Paragraph 34 shall be conducted live and shall include an interactive component and opportunities for questions and answers. This training shall be provided within ninety (90) days of entry of this Decree and annually thereafter for the duration of this Decree.

36. The training described in Paragraph 34 shall be provided by a third-party trainer who is approved in advance by EEOC and whom Defendant shall retain at Defendant's own expense, except that litigation counsel cannot provide the training called for in this Decree.

37. Within thirty (30) days after the training required by Paragraph 34, Defendant shall submit to EEOC counsel of record a notification of the date(s) and length of each training session; a written list of the full names, job titles, and work locations of each attendee of each training session; and copies of any and all written materials shown or provided to attendees.

11

38. No later than one week after new non-supervisory employees who begin employment after the entry of this Decree begin performing work for Defendant, Defendant shall provide such employees with not less than one (1) hour of training (which may be pre-recorded from the training described in Paragraph 34) regarding Defendant's policies prohibiting harassment, discrimination, and retaliation made unlawful by Title VII and the ADA and related complaint procedures. This training shall include discussion of Defendant's policies prohibiting harassment and discrimination because of race, color, and national origin as well as Defendant's policies on reasonable accommodations and the interactive process to identify reasonable accommodations.

## RECORDS AND RETENTION

39. Regarding each charge, complaint, or report (whether written or unwritten, including those anonymously, and including those made pursuant to grievance provisions of any collective bargaining agreement) and each investigation of potential or alleged discrimination, race, color or national origin harassment, or retaliation, including but not limited to, failure to engage in the interactive process and make reasonable accommodations, that is made during the term of this Decree, Defendants shall compile a file which shall contain the following: (a) the full name, home address, home telephone number and cell phone number, department, job title, and social security number of each complainant, potential victim, witness, and other person allegedly involved; (b) the date of the allegation, charge, complaint, or report; (c) date/s on which the incident/s allegedly occurred; (d) the specific allegations that were made; (e) the complete substance of any statements made by each complainant, potential victim, witness, and other person allegedly involved; (f) a detailed description of all actions taken in response to the allegation, charge, complaint, or report; and (g) a detailed description of Defendant's conclusions regarding the allegation, charge, complaint, or report, and any resolution reached, or corrective action taken in response. Defendant shall also retain with the file any other documents created or obtained in relation to a charge,

complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all such records for the duration of this Decree.

40.     For the duration of this Decree, Defendant shall retain all personnel and payroll records related to any person who submitted an allegation, charge, complaint, or report described in Paragraph 39, or who was interviewed or identified as a witness or potential witness.

41.     For the duration of this Decree, Defendant shall compile a file for all persons who performed work for Defendant and who reported to Defendant that they have a physical or mental impairment or record of such impairment or where Defendant had knowledge of such impairment, with the following information: (a) full name; (b) social security number; (c) employee identification number, if applicable; (d) last known address; (e) last known telephone number/s; (f) last known e-mail address/es; (g) date of birth; (h) race (all race identification information is to be provided including race categories or identifiers where known or provided); (i) date of hire; (j) position/s held; (k) location/s where each person performed work; (l) whether any person sought or was provided an accommodation, such as leave, modification of a work schedule, modified work duties, light duty, or any form of accommodation; (whether or not the word accommodation is used) (m) whether any person reported to Defendant or that Defendant discovered, from any other sources, information concerning any medical, physical, or mental impairment, along with the dates when such information was provided or discovered and, if so, a complete explanation of what information was provided together with documents reflecting all communications between Defendant and each such person, including all email and text correspondence; and (n) what action was taken by Defendant, including what accommodation, if any, were offered or provided to each such person, a description of the accommodations and when they were offered; and whether any of them were implemented and if not, why not.

## REPORTING AND MONITORING

42. On a quarterly basis (*i.e.*, at the end of each 90-day period) beginning three months from the date the Court signs the Decree, and continuing for the duration of the Decree, Defendant shall submit written notification to the Commission regarding all matters described in Paragraphs 39 and 41.

43. Defendant's notification must be accompanied by copies of all records Defendant is required to create and maintain pursuant to those provisions. Defendant's notification must be updated and must include production of material created or maintained after the initial notification was provided to EEOC, every thirty (30) days until final action is taken by Defendant regarding any matter reported.

44. Defendant shall submit all additional electronic records, documents, or information that EEOC requests and deems necessary to monitor Defendant's compliance with the Decree terms, no later than fourteen (14) days after EEOC requests such material.

45. Upon 10 business days' notice, Defendant will make available for inspection and copying any records requested by the EEOC, facilities sought to be inspected by the EEOC, and employees sought to be interviewed by the EEOC, except that Defendant shall permit a representative of the EEOC to enter Defendant's premises without prior notice for purposes of verifying compliance with paragraphs 47 and 48 of this Decree at any time during normal business hours.

## SUBMISSIONS OF RECORDS, REPORTS, AND NOTICES

46. All records, reports, and notifications required to be created or maintained under this Decree shall be certified by an officer or director of Defendant before they are produced to the EEOC. They shall be sent by electronic mail and hard copies, if requested, to Emily Datnoff, Trial Attorney,

U.S. Equal Employment Opportunity Commission, Baltimore Field Office, 31 Hopkins Plaza, 14th Floor, Baltimore, Maryland 21201.

## POSTING

47. Within thirty (30) days of the date the Court signs this Decree, Defendant shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each location covered by the Decree and at all places where employee notices are posted. The Notice shall remain posted for the duration of the Decree. Each Notice shall be typed legibly using font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendant shall post notice of applicable federal equal employment opportunity laws and all other notices required by law. If any notice is defaced, marred, or otherwise made unreadable, Defendant shall immediately post a readable copy thereof. Defendant shall permit a representative of the EEOC to enter their premises and inspect the Notice if EEOC so requests.

48. Within ten (10) days of posting the Notice, Defendant shall provide written confirmation to the EEOC that the notices required herein have been posted and shall send EEOC a copy of the signed Notice, written certification that it has been posted, and a description of where the Notice is posted.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

49. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and the EEOC shall be required to give the Defendant ten (10) days' notice before moving for such review.

50. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for Northern District of Ohio, Eastern Division.

51. The terms of this Decree shall be binding upon Defendant; all present and future parents of Defendant; all present and future subsidiaries of Defendant; and all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendant. Defendant, and any successor/s of Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition, merger, or transaction. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

52. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and EEOC and approved by the Court.

53. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

54. With respect to matters outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission regarding any matter over which the EEOC has authority.

55. Each party shall be responsible for and shall pay its own costs and attorney fees.

**IT IS AGREED:**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BENNETT ENTERPRISES, INC. |

*[signature: David N. Weisenbacher]*

Bennett Enterprises, Inc.
d/b/a Ralphie's Sports Eatery
David G. Weisenbacher
President

Andrew Rogers
Acting General Counsel

Christopher Lage
Deputy General Counsel

*[signature: Rebecca Shope]*

Rebecca E. Shope
Shumaker, Loop, & Kendrick, LLP
1000 Jackson Street
Toledo, Ohio 43604
rshope@shumaker.com
(419) 321-1453
Counsel for Defendant

Gwendolyn Young Reams
Associate General Counsel

U.S. EEOC Philadelphia District Office
Baltimore Field Office
31 Hopkins Plaza, 14 Floor
Baltimore, MD 21201
Tel. (410) 801-6685

*[signature: Debra Lawrence]*

Debra Lawrence
Regional Attorney

*[signature: Kate Northrup]*

Kate Northrup
Assistant Regional Attorney

*[signature: Emily Datnoff]*

Emily Datnoff
Trial Attorney

**IT IS SO ORDERED.**
Date: April 8, 2025

*[signature: Charles Fleming]*

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### NOTICE TO ALL BENNETT ENTERPRISES EMPLOYEES

This Notice is posted pursuant to the Consent Decree entered by the Court in the matter of *EEOC v. Bennett Enterprises, Inc. d/b/a Ralphie's Sports Eatery,* Civil Action No. 1:23-cv-01758-CEF in the U.S. District Court for the Northern District of Ohio, Eastern Division. In that lawsuit, the EEOC alleged that Bennett Enterprises violated Title VII and the Americans with Disabilities Act ("ADA") when it discriminated and retaliated against an employee because of race and disability.

A court order was entered to resolve the case. It provides, among other things, that Bennett Enterprises is enjoined from discriminating against employees because of race and disability and from unlawful retaliation.

EEOC enforces the federal laws against discrimination in employment because of disability, sex, race, color, religion, national origin, age, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact the EEOC and report that discrimination or retaliation.

You may reach the EEOC Trial Attorney who handled this matter at emily.datnoff@eeoc.gov, or you may reach EEOC at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive, investigate, or litigate discrimination complaints.

### THIS IS AN OFFICAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material.**

*David A. Weisenbacher*
**BENNETT ENTERPRISES, INC.**

Dated: *MARCH 26, 2025*